```
              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 7
THOMAS A. WOLFE,                 )
                                 )    Bankruptcy No. 04-04323
      Debtor.                    )
```

### ORDER RE MOTION FOR SANCTIONS

On January 20, 2005, the above-captioned matter came on for hearing pursuant to assignment. Debtor Thomas A. Wolfe appeared in person with Attorney Stuart Hoover. The matter before the Court is Debtor's Motion for Sanctions against Speedy Loan 75 for alleged violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(6) and § 362(h). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

### FINDINGS OF FACT

Debtor filed his Chapter 7 petition on November 4, 2004. Speedy Loan was listed as a creditor on Debtor's Schedule F and the matrix of creditors. Debtor has not yet received a discharge.

The record reflects that Debtor took out a loan with Speedy Loan 75 in Platteville, Wisconsin sometime before the filing of his bankruptcy petition. Speedy Loan 75 is a payday loan organization which lends money against (1) a loan agreement and (2) an uncashed check. Through this process, Debtor gave Speedy Loan a check in the amount of $1,170 and signed the loan agreement. The loan was to be repaid within a certain time frame. Debtor filed his petition on November 4, 2004, which was soon before the repayment date of the loan. Speedy Loan was informed by Debtor that he had filed a Chapter 7 petition. Nevertheless, Speedy Loan, after several telephone calls, informed Debtor that, despite his bankruptcy filing, it would still cash the check. Debtor called his attorney, Stuart Hoover, and informed him of Speedy Loan 75's intentions. Mr. Hoover called Speedy Loan 75 and talked to a representative at that business. Speedy Loan 75 also informed Mr. Hoover that they would cash the check in the amount of $1,170.

The evidence appears to reflect that the check was presented for payment but was refused because Debtor's account had insufficient funds (NSF) to meet the demand.  Because his account had insufficient funds to pay the check, the bank charged Debtor a $15 penalty.  Debtor states that, as a result of this $15 penalty, three or four more checks also failed to "clear" the bank.  His damages, therefore, are approximately $60 based on these NSF penalties.  Since his check to Speedy Loan 75 never "cleared," Debtor's account was not debited $1,170 when the check was presented for payment.  Therefore, Debtor's actual damages total $60.

The file reflects that Speedy Loan 75 was served notice of the Chapter 7 petition.  The record also reflects that this creditor was served notice of the Motion for Sanctions as well as the order setting hearing.

Debtor seeks damages arising out of Speedy Loans' conduct.  Debtor also seeks punitive damages and $300 in attorney's fees.

## CONCLUSIONS OF LAW

A bankruptcy petition filed under § 301 of the Code imposes the automatic stay pursuant to § 362.  All voluntary cases are included in § 301.  The § 362 automatic stay "is among the most basic of debtor protections under bankruptcy law."  In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999).  It prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case."  11 U.S.C. § 362(a)(6).  The scope of the automatic stay is extremely broad. Vierkant, 240 B.R. at 321.  It stops "all collection efforts, all harassment, and all foreclosure actions . . . and permits the debtor to be relieved of the financial pressures that drove him into bankruptcy."  Id.; see also In re Lankford, 305 B.R. 297, 301 (Bankr. N.D. Iowa 2004) (citing H.R. 595, 95th Cong., 1st Sess. § 340-42 (1977)).  The automatic stay "operates without the necessity for judicial intervention" and springs into effect immediately upon the filing of a bankruptcy petition, regardless of whether parties to the proceeding "are aware that a petition has been filed." Vierkant, 240 B.R. at 321.  It is designed to protect debtors "while they attempt to regain their financial footing" by "prevent[ing] creditors from attempting in any way to collect a prepetition debt."  Id.; In re Goodfellow, 298 B.R. 358, 360

2

(Bankr. N.D. Iowa 2003) (citing In re Grau, 172 B.R. 686, 690 (Bankr. S.D. Fla. 1994))(emphasis added).  Because of its fundamental importance, "courts must display a certain rigor in reacting to violations of the automatic stay." Vierkant, 240 B.R. at 321.

Section 362(h) addresses sanctions for the violation of the automatic stay. It provides that:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

In order to recover damages under § 362(h), a debtor must show (1) that it was injured by the violation of the stay and (2) that the violation was willful. Lankford, 305 B.R. at 302.  A violation of the stay is "willful" where the violator's conduct is deliberate and with knowledge of the bankruptcy filing.  Id.  In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances. Hubbard v. Fleet Mortg. Co., 810 F.2d 778, 782 (8th Cir. 1987) (citing United States v. United Mine Workers, 330 U.S. 258, 303 (1947)).

The court may award punitive damages under § 362(h) only where the action taken is "egregious, intentional misconduct on the violator's part." In re Ketelson, 880 F.2d 990, 993 (8th Cir. 1989).  The creditor's status as a sophisticated player in the credit industry can be relevant when considering whether to award punitive damages. Lankford, 305 B.R. at 302. In an action for violation of the automatic stay, the moving party bears the burden of proof and must prove its case by a preponderance of the evidence. In re Westman, 300 B.R. 338 (Bankr. D. Minn. 2003) (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).

**ANALYSIS**

Speedy Loan 75 has been properly served with notice of this bankruptcy case.  It has also been properly served with both the Motion for Sanctions under § 362(a)(6) and § 362(h) and the Notice of Hearing.  None of the notices sent to Speedy Loan 75 have been returned undeliverable.  Therefore, the

3

Court concludes that Speedy Loan 75 received the mailings and had notice of Debtor's bankruptcy case.

Speedy Loan 75's attempt to cash Debtor's check constitutes a deliberate postpetition attempt to collect a debt in violation of the automatic stay of § 362(a). The fact that this was a deliberate attempt to satisfy a debt and not a simple oversight is evidenced by Speedy Loan 75's telephone exchanges with Debtor and by Mr. Hoover's conversation with the Speedy Loan 75 representative. The Court finds that Debtor has been damaged by Speedy Loan 75's actions and that he is entitled to a modest sum for actual damages and attorney's fees and costs. The Court also finds that punitive damages are not appropriate in this case.

**WHEREFORE**, Debtor's Motion for Sanctions against Speedy Loan 75 is GRANTED.

**FURTHER**, the Court finds that Debtor Thomas Wolfe has established by a preponderance of the evidence that Speedy Loan 75 violated the § 362(a) automatic stay and is, therefore, subject to sanctions pursuant to § 362(h).

**FURTHER**, the Court awards Debtor actual damages in the amount of $250.

**FURTHER**, the Court awards Debtor attorney's fees of $300.

**FURTHER**, Debtor is not entitled to punitive damages.

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED: February 2, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

4